## In re ROBINSON INDUCTION CORPORATION.

District Court, S. D. New York.

Jan. 12, 1944.

Sol O. Maltz, of New York City, for trustee.

Nathaniel L. Goldstein, Atty. Gen. (Alfred H. Sarno, Asst. Atty. Gen., of counsel), for Industrial Commissioner of New York.

MANDELBAUM, District Judge.

This is a petition for the review of a referee's order dated November 5th, 1943. The said order reduced the claim of the State of New York for Unemployment Insurance from $829.20 plus interest to $196.11.

The United States of America had filed a claim of a similar nature against the bankrupt corporation. Its claim filed under and in accordance with the administrative regulations of the Social Security Board, was also reduced. Suffice to say, that on the return date of its motion, the Federal Government withdrew its petition. The court therefore has before it, for the purpose of review, only the claim of the State of New York.

The facts are not in dispute. Certain officers of the bankrupt corporation were credited upon the payroll books and general ledger of the bankrupt corporation with sums amounting to $27,275, purporting to be salaries. The officers never waived the amounts so credited. It was conceded that at no time was there sufficient money available to pay the accrued sums due the officers. The sums were set forth by the corporation as due and owing to the officers in the schedule of unsecured creditors.

The issue presented by the petitioner is whether or not the claim is within the contemplation of the New York State Unemployment Insurance Law, Labor Law, Consol. Laws, .c. 31, § 500 et seq., as interpreted and defined by the duly issued administrative regulations of the Indus-

trial Commissioner of the State of New York.

 From the documents before me, it appears that the referee in reducing the claims of the Federal and State agencies treated the claims as similar in nature and adopted the interpretation of the Federal regulations. He, in effect, construed the regulations of a State administrative agency by decisions pertinent only to the Federal regulations. In doing so, I think the referee erred.

In 1935, the Legislature of the State of New York enacted, as part of a scheme of social legislation, the New York State Unemployment Insurance Law. In doing so, the Legislature outlined the principles of law which were to be adopted. The Legislature apparently felt that they could not in a single piece of legislation solve all the details of the complex problems that confronted them. They therefore, in Sec. 518, subd. 1 of the Unemployment Insurance Law, gave the Industrial Commissioner authority to issue regulations to carry out the purpose of the law.

Pursuant to this authority, the Industrial Commissioner issued Regulation U12-41. The said regulation contains definitions of terms. Section 2 thereof reads:

"'Remuneration paid' and 'wages paid'. Remuneration and wages, even if not actually paid, shall be deemed 'paid'

"(a) as of that date when both the amount as well as the liability of the employer for payment thereof have been unconditionally established except as provided under (b) hereof; * * *".

In issuing the said regulations, the Industrial Commissioner indicated what limited meaning was to be ascribed to certain words. This, in effect, was a construction of Secs. 502, subd. 6 and 502, subd. 6-a of the New York State Unemployment Insurance Law. This construction of the said sections has been in effect for the past eight years and has been accepted and acted on by individual employers, and has been adopted in the cases before the appeal board of the State Administrative Agency. In fact, this section has become an integral part of the whole system of Unemployment Insurance of the State of New York.

Accordingly, the pertinent question presented to this court is whether the facts, under the definitions in the administrative regulations of the Industrial Commissioner of the State of New York, for the purposes of taxing the employer, establish a constructive payment of wages. Under the definitions in the regulations, the important factor is that the amount as well as the liability must be unconditionally established. If this factor is present, the facts constitute a constructive payment. The Unemployment Insurance Appeal Board Cases, Nos. 3007–1940, 7587–1942, 2095–1940, 859–1939 substantiate the position of the petitioner. While these administrative adjudications in themselves are not determinative, they are entitled to considerable weight. The facts hereinbefore mentioned clearly establish that the salaries credited the officers of the bankrupt were unconditionally established as to amount and liability within the meaning of Regulation U12–41, Sec. 2, and that as such they were taxable under the Unemployment Insurance Law.

Petition to review is granted and the referee is reversed. The claim is allowed in full.

Settle order on notice.